1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 **SONY ELECTRONICS, INC.,**                                      **CIV. NO. 05-CV-1777-B (AJB)**
                                                                   **consolidated with**
11                                       **Plaintiff,**            **05-CV-1780-B (AJB)**
                                                                   **05-CV-1796-B (AJB)**
12        **vs.**                                                  **07-CV-1613-B (AJB)**

13                                                                 **ORDER DENYING**
   **GUARDIAN MEDIA**                                              **DEFENDANT'S MOTION TO**
14 **TECHNOLOGIES, LTD.,**                                         **DISMISS OR TO TRANSFER**
                                                                   **[# 74-1 & 74-2]**
15                                       **Defendant.**

16 **and Consolidated Cases.**

17

18        The Federal Circuit held that these consolidated cases presented an "actual

19 controversy" within the meaning of the Declaratory Judgment Act as interpreted by the

20 Supreme Court in *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007). *Sony Elecs.,*

21 *Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271 (Fed. Cir. 2007).  The Federal Circuit

22 remanded for this Court to determine, in its discretion, whether to hear the actions filed by

23 Sony Electronics, Inc., Mitsubishi Digital Electronics America, Inc., Victor Company of

24 Japan, Ltd. ("JVC"), and Matsushita Electric Industrial Co., Ltd. (Thomson, Inc. has re-filed

25 its suit) (hereinafter "Plaintiffs").  Defendant Guardian Media Technologies, Ltd., moves to

26 dismiss or in the alternative to transfer the cases to the Central District of California.  Having

27 carefully considered the briefs and the arguments at the November 1, 2007 hearing, the Court

28 denies both motions.

<u>Background</u>

In 2003, Defendant Guardian purchased two patents related to the methods of blocking the viewing of certain television programs.  U.S. Patent Nos. 4,930,158 and No. 4,930,160 expire in August 2008.  The assignment agreement listed Guardian as having its office in La Jolla.  Dowler Decl. Ex. 4.  [# 22]

From August 2004 until these suits were filed in September 2005, Guardian pursued licensing agreements with the Plaintiffs, but Plaintiffs contended that the two patents were obvious and rejected Guardian's proposals.  *See* Smith Decl. Ex. O (Guardian reports 26 licenses with other manufacturers).  Plaintiffs allege that they do not infringe the two patents, and that they are not valid and not enforceable.

In October 2005, Plaintiffs filed ex parte applications with the Patent and Trademark Office ("PTO") requesting reexamination of the two patents.  The PTO found substantial questions of patentability and granted both requests.[1]

On March 16, 2006, this Court granted Guardian's motion to dismiss for lack of subject matter jurisdiction.  Consequently, the Court denied as moot Plaintiffs' motion to stay pending the completion of the reexamination process.

Within two months, Guardian sued several different television manufacturers for patent infringement in the Western District of Wisconsin.  Smith Decl. Ex. K (Kenwood Corp.); *Id.* Exs. M & N (Audiovox, Mustek, and their affiliates).  One alleged infringer moved to either stay the action pending the reexamination proceedings, or in the alternative, to transfer the action to the Central District of California for the convenience of the witnesses.  *Id.* Ex. N.  Guardian opposed the transfer on the ground that it did not have any contacts with California.  *Id.* Ex. P at 2, 11-12 & n.6; *see id.* Ex. L ¶ 2 (Guardian states it has

---

[1]Sony reports on the current status of the reexamination petitions.  On May 19, 2006, the PTO found all but two claims of the '158 patent invalid as obvious.  Smith Decl. Ex. A. Guardian has responded and proposed amendments.  *Id.*  Ex. B (dated July 19, 2006). Plaintiffs submitted a second request for reexamination in January 2007 with additional references.  *Id.*  Ex. C.  The PTO granted that ex parte request.  *Id.*  Ex. D.

Similarly, the PTO rejected all claims of the '160 patent on April 28, 2006.  *Id.* Ex. E. Sony submitted a second request for reexamination with additional prior art references.  *Id.* Exs. F & G.  On August 8, 2007, the PTO again rejected all claims.  *Id.* Ex. I; *see also id.* Exs. I-J (new claims still under review).

05-CV-1777

1  no place of business in California).   Nonetheless, the *Guardian v. Mustek* case was

2  transferred to Los Angeles.  *Id.* Exs. N &  Q.  (Guardian settled its two other Wisconsin

3  patent infringement cases.  *Id.* Exs. K & M).  The Central District Court rejected the

4  argument that Guardian's patent infringement case should be stayed pending the

5  reexamination process.  *Id.* Ex. Q (Docket Entry 40).  Soon thereafter, Guardian filed another

6  patent infringement case in Los Angeles against other manufacturers (including LG

7  Electronics).  *Id.* Ex. R.  Subsequently, the *Mustek* action settled.  *Id.* Ex. Q (Docket Entries

8  41 & 43).  Answers were filed and some discovery has been exchanged in the *LG Electronics*

9  case, which remains open in Los Angeles.  Some parties in the LG Electronics action moved

10  to stay the proceedings pending the reexamination process, but the Court, consistent with its

11  prior order in the *Mustek* case, denied that motion.  *Id.* Ex. R (Docket Entry 56); PACER

12  (Docket Entry 62).

13          Following remand to this Court of the Federal Circuit's decision, Defendant Guardian

14  renewed its motion to dismiss and argues that this Court should decline to exercise

15  jurisdiction over Plaintiffs' declaratory judgment lawsuits.  In the alternative, Defendant

16  Guardian asks the Court to transfer these consolidated cases to the Central District, where it

17  now has the previously-mentioned case pending on the same patents.

18                                              Discussion

19  I.  Motion to Dismiss – Discretion Whether to Decline Jurisdiction

20          The Declaratory Judgment Act, 28 U.S.C. § 2201, empowers federal courts to issue

21  declarations of rights in actual controversies, but the district court has substantial discretion

22  to decline that jurisdiction when proceeding to the merits "will serve no useful purpose."

23  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-88 (1995).

24          Guardian argues the Court should exercise its discretion to decline jurisdiction

25  because Plaintiffs' actions show they are not in a hurry to litigate the patents.  For example,

26  Plaintiffs waited until the end of the 120-day period to serve their complaints and they intend

27  to move to stay these actions.  Defendant Guardian also argues that the interests of justice

28  weigh against entertaining the suits because Plaintiffs filed this suit as a "placeholder" until

1  Guardian's patents expire in 2008, were trying to avoid the Eastern District of Texas forum,

2  and are trying to undermine Guardian's licensing efforts with others.

3       The Court denies the motion because it finds no just reason to decline jurisdiction.

4  *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345 (Fed. Cir. 2005).  Now that Guardian

5  has sued several other manufacturers for patent infringement, the need for a judicial

6  resolution of the validity of its' patents is apparent.  *Genentech v. Eli Lilly & Co.*, 998 F.2d

7  931, 937 (Fed. Cir. 1993) ("When there is an actual controversy and a declaratory judgment

8  would settle the legal relations in dispute and afford relief from uncertainty or insecurity, in

9  the usual circumstance the declaratory judgment is not subject to dismissal.").  The Federal

10 Circuit determined that the record did not indicate that Plaintiffs' actions revealed a

11 "nefarious motive."  *Sony*, 497 F.3d at 1289.  There was nothing improper in Plaintiffs'

12 decision to petition the PTO for reexamination and to request a stay of their lawsuits pending

13 the administrative decision.  *See Ethicon Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988)

14 (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of

15 the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or

16 to facilitate trial of that issue by providing the district court with its expert view of the PTO

17 (when a claim survives the reexamination proceeding).").  Plaintiffs expect the PTO to issue

18 its final decision within a few months and the Court will hear the merits of their motion to

19 stay on December 10, 2007.

20 II.  Motion to Transfer

21      Defendant Guardian moves to transfer these consolidated actions to the Central

22 District, which is presently handling the case of *Guardian v. LG Electronics*.  Transfer will

23 prevent duplicative discovery on claim construction, patent validity, and enforceability

24 issues.  Guardian argues that the nature of its business is that it does not have contacts in any

25 one place more than any other place, but cites its negotiations with Sony in Los Angeles to

26 argue that venue and personal jurisdiction would be appropriate in the Central District.  The

27 Central District resolves cases faster (21 months compared to 33 months).

28      "For the convenience of parties and witnesses, in the interest of justice, a district court

1   may transfer any civil action to any other district where it might have been brought."  28

2   U.S.C. § 1404(a); *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).  The Court weighs factors

3   such as "the relative ease of access to sources of proof; availability of compulsory process for

4   attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and

5   all other practical problems that make trial of a case easy, expeditious and inexpensive."

6   *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *accord Piper Aircraft*, 454 U.S. 235,

7   241 n.6 (1981).  In addition to these "private interests," the Court considers factors of "public

8   interest," including whether the docket is congested and whether the burden of jury duty is

9   justified by a local interest in the litigation.  *Gulf Oil*, 330 U.S. at 508-09.

10        The Court denies the motion.  Guardian has not made any showing on the *Gulf Oil*

11   factors of the convenience of the parties or witnesses as between San Diego and Los

12   Angeles.  15 Charles Alan Wright, et al., Federal Practice and Procedure § 3851 (West

13   2003).  By contrast, two Plaintiffs have subsidiary operations in San Diego that relate to the

14   challenged television sets.  Marin Decl. ¶ 3 (Matsushita's subsidiary); Mitnick. Decl. ¶¶ 3-4

15   (JVC's subsidiaries).  In sum, Guardian has not met its heavy burden of disrupting the

16   Plaintiffs' choice of forum.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834,

17   843 (9th Cir. 1986); *accord Kahn v. GM Corp*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

18   Plaintiffs filed these several suits long before Guardian appeared (over its objection) in the

19   Central District, where the proceedings are in the early stages.  The Court is confident that

20   counsel can cooperate to coordinate discovery, such as depositions of expert witnesses, to

21   minimize any duplicative discovery.

22                             Conclusion

23        Upon due consideration of the parties' memoranda and exhibits, the arguments of

24   counsel, and a review of the record, the Court DENIES Defendant Guardian's Motions to

25   Dismiss or Transfer these consolidated cases.

26        IT IS SO ORDERED.

27   DATED:  November 6, 2007

28                                   Hon. Rudi M. Brewster
                                        United States Senior District Judge

              05-CV-1777