PROCOPIO, CORY, HARGREAVES
  & SAVITCH, LLP
Allison D. Cato (SBN 155339)
530 B Street, Suite 2100
San Diego, California  92101
Telephone:  619.238.1900
Facsimile:  619.235.0398
adc@procopio.com

KENYON & KENYON LLP
Richard S. Gresalfi (Admitted *Pro Hac Vice*)
Michelle Carniaux (Admitted *Pro Hac Vice*)
One Broadway
New York, New York  10004-1007
Telephone:  212.425.7200
Facsimile:  212.425.5288
Rgresalfi@kenyon.com;
MCarniaux@kenyon.com

Attorneys for Plaintiff
SONY ELECTRONICS INC.

MORRISON & FOERSTER LLP
Brigham A. Fordham (SBN 220248)
3811 Valley Centre Dr., Suite 500
San Diego, California  92130-2332
Telephone:  858.720.5100
Facsimile:  858.720.5125
BFordham@mofo.com

MORRISON & FOERSTER LLP
Vincent J. Belusko (SBN 100282)
Nicole M. Smith (CA SBN 189598)
555 West Fifth Street, Suite 3500
Los Angeles, California  90013-1024
Telephone:  213.892.5200
Facsimile:  213.892.5454
VBelusko@mofo.com; NSmith@mofo.com

Attorneys for Plaintiff
MITSUBISHI DIGITAL
ELECTRONICS AMERICA, INC.

(*Additional Parties and Counsel Listed at Conclusion of Brief*)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY ELECTRONICS INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN MEDIA TECHNOLOGIES, LTD.,<br><br>Defendant. | Civil Case No. 05 CV 1777-B (AJB)<br>(Consolidated Lead Case)<br><br>CIV No. 05 CV 1780-B (AJB)<br>CIV No. 05 CV 1796-B (AJB)<br>CIV No. 07 CV 1613 (AJB)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF PLAINTIFFS' JOINT MOTION TO STAY PROCEEDINGS BASED ON PENDING REEXAMINATION OF THE PATENTS-IN-SUIT** |
| MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN MEDIA TECHNOLOGIES, LTD.,<br><br>Defendant. | Date:     December 10, 2007<br>Time:     9:00 a.m.<br>Ctrm:     2<br><br>[Hon. Rudi M. Brewster] |

1

2

3

4

5

6

MATSUSHITA ELECTRIC INDUSTRIAL
CO., LTD. and VICTOR COMPANY OF
JAPAN, LTD.,

                    Plaintiffs,

        v.

GUARDIAN MEDIA TECHNOLOGIES,
LTD.,

                    Defendant.

7

8

9

10

11

12

THOMSON INC.,

                    Plaintiff,

        v.

GUARDIAN MEDIA TECHNOLOGIES,
LTD.,

                    Defendant.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3  REPLY MEMORANDUM OF POINTS AND AUTHORITIES...................................................... 1

4  INTRODUCTION ............................................................................................................... 1

5  ARGUMENT ...................................................................................................................... 2

6    I.     A STAY WILL NOT PREJUDICE GUARDIAN.................................................. 2

7           A.     There is No Prejudice with Respect to Any Injunction Right.................... 3

8           B.     There is No Prejudice with Respect to Further Licensing ......................... 4

9    II.    A STAY WILL SIMPLIFY THE CONSOLIDATED ACTION ........................... 5

10   III.   PLAINTIFFS SHOULD NOT BE JUDICIALLY ESTOPPED............................ 7

11   IV.    ANY STAY SHOULD BE UNCONDITIONAL.................................................... 9

12  CONCLUSION................................................................................................................... 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3   *Alltech, Inc. v. Cenzone Tech., Inc.*,
        2007 WL 935516 (S.D. Cal. Mar. 21, 2007) ...................................................... 2
4
    *Antor Media Corp. v. Nokia, Inc.*,
5       No. 2:05cv186 (E.D. Tex. Sept. 27, 2006).......................................................... 9

6   *Applied Materials, Inc. v. Negevtech, Inc.*,
        2005 WL 1656894 (N.D. Cal. July 14, 2005)...................................................... 2
7
    *Biax Corp. v. Fujitsu Computer Sys.*,
8       2007 U.S. Dist. LEXIS 12973 (E.D. Tex. Feb. 26, 2007) ................................... 2

9   *eBay Inc. v. MercExchange LLC*,
        126 S. Ct. 1837 (2006) ...................................................................................... 3
10
    *Edwards v. Aetna Life Ins. Co*.,
11      690 F.2d 595 (6th Cir. 1982)............................................................................. 7

12  *E.I. DuPont de Nemours and Co. v. Phillips Petroleum Co.*,
        711 F. Supp. 1205 (D. Del. 1989) ...................................................................... 2
13
    *Fresenius Medical Care Holdings, Inc. v. Baxter International Inc.*,
14      2007 WL 1655625 (N.D. Cal. June 7, 2007) ...................................................... 2

15  *Guthy-Renker Fitness, LLC, v. Icon Health & Fitness Inc.*,
        48 U.S.P.Q.2d (BNA) 1058 (C.D. Cal. July 15, 1998)................................... 5, 6
16
    *IMAX Corp. v. In-Three, Inc.*,
17      385 F. Supp. 2d 1030 (C.D. Cal. 2005) ............................................................. 2

18  *Jain v. Trimas Corp.*,
        2005 WL 2397041 (E.D. Cal. Sept. 27, 2005)................................................... 2
19
    *Methode Elecs., Inc. v. Infinion Techs. Corp.*,
20      2000 U.S. Dist. LEXIS 20689 (N.D. Cal Aug. 7, 2000)..................................... 6

21  *New Hampshire v. Maine*,
        532 U.S. 742 (2001)........................................................................................... 7
22
    *Patlex Corp. v. Mossinghoff*,
23      758 F.2d 594 (Fed. Cir. 1985)............................................................................ 8

24  *Phillips v. AWH Corp*.,
        415 F.3d 1303 (Fed. Cir. 2005)........................................................................ 10
25
    *Pod-Ners, LLC v. Tutuli Produce Corp.*,
26      2001 U.S. Dist. LEXIS 25945 (C.D. Cal. Aug. 17, 2001)................................. 5

27  *PureChoice Inc. v. Honeywell Intern., Inc.*,
        2007 WL 1189844 (E.D. Tex. Apr. 20, 2007) ................................................... 2
28

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Sony Elecs. v. Guardian Media Techs., Ltd.*,
    497 F.3d 1271 (Fed. Cir. 2007) .......................................................................... 8

*Sony Elecs. v. Guardian Media Techs., Ltd.*,
    2007 U.S. Dist. LEXIS 82636 (S.D. Cal. Nov. 6, 2007) ..................................... 8

*Texas MP3 Techs., Ltd. v. Samsung Elecs. Co., Ltd.*,
    2007 U.S. Dist. LEXIS 80392 (E.D. Tex. Oct. 30, 2007).................................... 3

Andrei Iancu & W. Joss Nichols, *Balancing the Four Factors in Permanent
Injunction Decisions: A Review of post-eBay Case Law*,
89 J. Pat. & Trademark Off. Soc'y 395 (2007) ........................................................ 4

Andrew Beckerman-Rodau, *The Aftermath of eBay v. MercExchange,
126 S. Ct. 1837 (2006)*, 89 J. Pat. & Trademark Off. Soc'y 631 (2007) ................................. 4

Benjamin H. Diessel, *Trolling for Trolls: The Pitfalls of the Emerging Market Competition
Requirement for Permanent Injunctions in Patent Cases Post-eBay*,
106 Mich. L. Rev. 305 (2007) ................................................................................... 4

*Manual of Patent Examining Procedure* § 2249 ........................................................ 5

*Manual of Patent Examining Procedure* § 2254 ........................................................ 9

*Manual of Patent Examining Procedure* § 2609 ........................................................ 9

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Nothing in Guardian's opposition changes the two critical and relevant facts set forth in Plaintiffs' opening memorandum that plainly warrant a stay of these four consolidated declaratory judgment cases; namely:

(1)   The consolidated action here is at a very early stage (there is *no* scheduling order or trial date; there has been *no* claim construction proceeding and *no* discovery at all).

(2)   The Patent Office's reexamination of the two patents-in-suit is at a very advanced stage (it has been on-going for more than two years; with *all* patent claims of interest being cancelled, rejected or modified).

With everything ahead of the Court and parties in this consolidated action, and virtually everything behind Guardian in the reexamination proceedings, a stay of this proceeding would result in judicial economy and represents the most efficient way to proceed at this time.  And, it is the only action that is consistent with the Congressional intent behind the reexamination statute and with the rulings from the courts in this state.

Guardian's arguments that a stay will prejudice it and not simplify the issues in these cases are demonstrably wrong, as is its claim that Plaintiffs are judicially estopped from even requesting a stay.  Even Guardian recognizes the defects in its arguments when it asks the Court (inappropriately) to condition *any stay the Court does grant*.

If there are ever circumstances that warrant a stay, they are present here.  Plaintiffs request that the Court grant their motion to stay this consolidated action until the Patent Office completes its reexamination of the patents-in-suit.

**ARGUMENT**

**I.      A STAY WILL NOT PREJUDICE GUARDIAN**

Guardian argues that a stay will (A) prejudice its right to seek an injunction, and (B) severely prejudice its ability to further license the patents-in-suit.  Guardian is wrong on both counts.[1]

---

[1]   Guardian cites to nine cases in which the Court denied a motion to stay pending a reexamination proceeding.  All of these cases are clearly distinguishable from the present case.

In *IMAX Corp. v. In-Three, Inc.*, the Court found that (1) even if the patent office eliminated all of the patent claims, there were still a number of issues that the court would still have to address, some of which were completely unrelated to patent infringement; (2) a significant amount of discovery had already taken place; and (3) the delay could harm both parties, who were competitors in a market at a critical juncture.  *IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1033 (C.D. Cal. 2005).

In three other cases, *Alltech, Inc. v. Cenzone Tech., Inc.*, *Applied Materials, Inc. v. Negevtech, Inc.*, and *Fresenius Medical Care Holdings, Inc. v. Baxter International Inc.*, the Court found the fact that the parties had already engaged in a substantial amount of discovery weighed heavily against a stay.  *Alltech, Inc. v. Cenzone Tech., Inc.*, 2007 WL 935516, at *4 (S.D. Cal. Mar. 21, 2007) (Ex. A); *Applied Materials, Inc. v. Negevtech, Inc.*, 2005 WL 1656894, *2 (N.D. Cal. July 14, 2005) (Ex. B); *Fresenius Medical Care Holdings, Inc. v. Baxter International Inc.*, 2007 WL 1655625, at *3 (N.D. Cal. June 7, 2007) (Ex. C).

In *Jain v. Trimas Corp.*, the Court found that the non-moving party would suffer a clear tactical advantage.  In that case, the moving party was the patentee, and filed a request for reexamination and the motion to stay only after the defendant filed a summary judgment motion of noninfringement.  *Jain v. Trimas Corp.*, 2005 WL 2397041, at *2 (E.D. Cal. Sept. 27, 2005) (Ex. D).  The court in *E.I. DuPont de Nemours and Co. v. Phillips Petroleum Co.* also refused to stay the case because it could result in a tactical advantage for one of the parties.  *E.I. DuPont de Nemours and Co. v. Phillips Petroleum Co.*, 711 F. Supp. 1205, 1208 n.9 (D. Del. 1989).  The parties had already conducted a trial, and the claims at issue were found to be valid and infringed. *Id.* at 1206.  The action was a remand to reconsider validity and infringement of some of the claims.  *Id.*

In *PureChoice Inc. v. Honeywell Intern., Inc.*, the Court found that a stay would likely prejudice PureChoice, because PureChoice and Honeywell were direct competitors.  *PureChoice Inc. v. Honeywell Intern., Inc.*, 2007 WL 1189844, at *1 (E.D. Tex. Apr. 20, 2007) (Ex. E).

The Court in *Biax Corp. v. Fujitsu Computer Sys.* found that a significant factor against the stay was that the fact that the patent office had not yet issued an office action in the reexamination proceedings.  *Biax Corp. v. Fujitsu Computer Sys.*, 2007 U.S. Dist. LEXIS 12973, at *4 (E.D. Tex. Feb. 26, 2007) (Ex. F).

Finally in *Texas MP3 Techs., Ltd. v. Samsung Elecs. Co., Ltd.*, the Court in the Eastern District of Texas found that three factors weighed against a stay: (1) the reexamination proceeding was an *inter partes* proceeding, thus the reexamination requestor (the moving party defendant) would have a right to appeal any patent office decision (thus possibly resulting in an even longer delay at the control of the moving party); (2) the final disposition of the claims was speculative (at that point, although the request for reexamination had been granted, no office actions had yet issued); and (3) not all of the defendants were a party to the *inter partes*

(Footnote continues on next page.)

1

### A.    There is No Prejudice with Respect to Any Injunction Right

2

Guardian has no right to an injunction.  Its two-line dismissal of the Supreme Court's

3   decision in *eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1836 (2006) (Opp. 7) misses the point,

4   and ignores that impact of that case on the entitlement of a non-manufacturing entity (like

5   Guardian) to an injunction.

6

In *eBay*, the Supreme Court overruled the Federal Circuit's rule of automatically granting

7   injunctions upon judgments of validity and infringement, and required injunctions in patent cases

8   to be determined upon consideration of the injunction factors traditionally considered in all other

9   cases.  Those factors dictate denial of an injunction where, as here, there is no irreparable injury

10   and there is an adequate remedy at law, namely, money damages.  *Id.* at 1839.  There is plainly no

11   irreparable harm here as Guardian is not in competition with Plaintiffs in the television industry

12   and has evidenced a willingness to license; Plaintiffs can readily satisfy any monetary judgment,

13   as Guardian concedes.  (Opp. 6).  Under these circumstances, injunctions in post *eBay* cases have

14   *not* been granted.

15

As summarized in an article appearing in the May 2007 *Journal of the Patent and*

16   *Trademark Office Society*:

17
18
19
20

> If there is a clear loser in the injunction fight in the *post-eBay* world, it is the
> "patent troll," or, more formally, patent holding companies, or non-practicing
> entities.  Although the vast majority of *post-eBay* cases still result in a permanent
> injunction following a finding of patent infringement, as of the writing of this
> Article there are five reported decisions denying a permanent injunction.  All of
> those cases involved a patentee who did not directly practice the patented
> technology.

21

22

──────────────────────────────────

(Footnote continued from previous page.)

23

reexamination.  *Texas MP3 Techs., Ltd. v. Samsung Elecs. Co., Ltd.*, 2007 U.S. Dist. LEXIS

24   80392, at *4-6 (E.D. Tex. Oct. 30, 2007) (Ex. G ; Patent Office Transaction History for U.S.
Patent No. 7,065,417 Reexamination Proceedings (Ex. H)).

25   The present case is at its earliest stage—no discovery has taken place, the reexamination
proceedings have been underway for two years, with all claims in issue standing canceled,

26   substantively amended, or rejected, and there is no prejudice to Guardian and no tactical
advantage to the Plaintiffs.

27

28

Andrei Iancu & W. Joss Nichols, *Balancing the Four Factors in Permanent Injunction Decisions: A Review of post-eBay Case Law*, 89 J. PAT. & TRADEMARK OFF. SOC'Y 395, 397 (2007) (Ex. I). In a more recent article, appearing in the November 2007 *Michigan Law Review* (reviewing twenty-five post-*eBay* injunction cases), confirms the point:

> The [patentees'] status as a market competitor in the inventive area covering the patent is indicative of whether a court will grant an injunction. Denying injunctions to [patentees] who do not compete in the market with their invention yet are willing licensors and granting injunctions to [patentees] who compete in the market against [the accused infringer] are consistent with a rule that requires market competition to obtain a permanent injunction, and thus far courts have followed these practices. . . . The market competition requirement, more than merely correlating with results, appears to be dispositive in determining whether to grant an injunction.  [The cases] show[] that courts have denied injunctions to [patentees] who did not compete using their invention and had been willing to license their patent.

Benjamin H. Diessel, *Trolling for Trolls: The Pitfalls of the Emerging Market Competition Requirement for Permanent Injunctions in Patent Cases Post-eBay*, 106 MICH. L. REV. 305, 318 (2007) (Ex. J); *See also* Andrew Beckerman-Rodau, *The Aftermath of eBay v. MercExchange, 126 S. Ct. 1837 (2006)*, 89 J. PAT. & TRADEMARK OFF. SOC'Y 631, 657 (2007) (Ex. K) ("Typically, permanent injunctions [following *eBay*] continue to issue when the patent owner and the infringer are direct marketplace competitors.  In contrast, if the patent owner is a non-practicing entity a permanent injunction is typically denied.").

**B.      There is No Prejudice with Respect to Further Licensing**

Guardian argues that a stay will have an adverse impact on its future licensing efforts because its right to judicially enforce its patents will be placed in "limbo."  (Opp. 8).  Guardian's argument here is misplaced.  Assuming that one or more un-amended claims survive the Patent Office's reexamination (which is unlikely), Guardian will be free to recover damages in the appropriate court for any infringements that occurred up to six years before any court action is initiated.  *See* 35 U.S.C. § 286.  Guardian can sue anyone it wants now in Court, and thereby preserve any damage claim it might have, regardless of any stay.

If there is currently a "cloud" over Guardian's licensing efforts, it has nothing to do with this consolidated action or the prospects of a stay; it has to do with the fact that the Patent Office does not view any claim of either Guardian patent as viable.  Indeed, all claims of interest have

1    been cancelled, rejected or amended.  And it is Guardian, not Plaintiffs, who has delayed the

2    Patent Office proceedings.[2]

3    **II.     A STAY WILL SIMPLIFY THE CONSOLIDATED ACTION**

4            Guardian argues that a stay pending the outcome of the reexamination proceedings will

5    not simply this action.  In fact, the reexamination proceedings have already simplified the issues

6    for trial here, as Guardian has already canceled or substantively amended most of the claims of

7    the patents-in-suit.  *See Guthy-Renker Fitness, LLC, v. Icon Health & Fitness Inc.*, 48 U.S.P.Q.2d

8    (BNA) 1058, at 1060 (C.D. Cal. July 15, 1998) (Ex. V) ("[W]aiting for the outcome of the

9    reexamination could eliminate the need for trial if the . . . claims are cancelled."); *Pod-Ners, LLC*

10   *v. Tutuli Produce Corp.*, 2001 U.S. Dist. LEXIS 25945, at *7 (C.D. Cal. Aug. 17, 2001) (Ex. W)

---

[2]   When the first requests for reexaminations were granted, the Patent Office set, in each case, a two month time period within which Guardian had the opportunity to provide an optional Patent Owner's statement.  (Dec. 13, 2005 Reexamination Grant for the '158 Patent (Ex. L); Nov. 23, 2005 Reexamination Grant for the '160 Patent (Ex. M)).  Guardian did not provide such a statement, but, instead, allowed the entire period to lapse.  (Patent Office Transaction History for the '158 Patent First Reexamination Proceedings (Ex. N); Patent Office Transaction History for the '160 Patent First Reexamination Proceedings (Ex. O)).  Guardian could have expedited the proceedings by promptly advising the Patent Office that it would not submit a statement and requesting the examination to proceed.  *See* Manual of Patent Examining Procedure ("MPEP") § 2249.  After the Patent Office issued its first Office Actions, rather than responding within the two month response time, Guardian petitioned for extra time to respond.  (Jul. 17, 2006 Request for Extension of Time for the '158 Patent (Ex. P); May 31, 2006 Request for Extension of Time for the '160 Patent (Ex. Q)).  In the case of the '160 proceeding, Guardian did not file its response until a full month after the initial response period had expired.  (Patent Office Transaction History for the '160 Patent First Reexamination (Ex. O)).  After the Patent Office granted Plaintiffs' second requests for reexamination, Guardian again allowed this time for the optional Patent Owner's statement to lapse without providing such a statement, and without advising the Patent Office that it would not be doing so.  (Patent Office Transaction History for the '158 Patent Second Reexamination Proceedings (Ex. R); Patent Office Transaction History for the '160 Patent Second Reexamination Proceedings (Ex. S)).  In August of this year, the Patent Office issued a second Office Action in the '160 proceedings.  (Patent Office Transaction History for the '160 Patent First Reexamination Proceedings (Ex. O)).  Because of a mistake on the part of the Examiner, the Office Action did not address all of the correct claims.  (Sept. 5, 2007 Interview Summary for the '160 Patent (Ex. T)).  Rather than informing the Examiner right away, Guardian waited almost a month before informing the Examiner of his mistake.  *Id.*  The Examiner then issued a corrected Office Action on October 1, 2007, setting a two month time period for response.  (Oct. 1, 2007 Office Action for '160 Patent (Ex. U)).  According to Patent Office records, Guardian has still not responded.  (Patent Office Transaction History for the '160 Patent First Reexamination Proceedings (Ex. O).

---

(action stayed pending reexamination because "staying the action . . . may substantially reduce the number of legal issues before the Court").  Guardian seems to concede this point, suggesting that it is now reducing the number of patents in suit here from two to one and the number of claims at issue from forty-eight to four:  "While Guardian does not generally dispute the impact of cancelled claims and intervening rights, the points made [by Plaintiffs] are largely irrelevant since Guardian has not cancelled or amended any of claims 3, 6, 16 and 19 of the '160 patent." (Opp. 9).  This is consistent with what Guardian has done in the action it has pending in the Central District, which is scheduled to be tried in March 2008.  (Declaration of Shane A. Nelson at ¶¶ 3, 6 (Ex. X); Minutes of In Chambers Order Setting Pre-Trial and Trial Dates, *Guardian Media Techs., Ltd. v. LG Electronics, Inc.*, 07-CV-92-R-RC (Oct. 9, 2007) (Ex. Y)).

As to the four "remaining" claims-in-suit, Guardian has failed to mention that each stands rejected by the Patent Office on six independent grounds.  (Oct. 1. 2007 Office Action for the '160 Patent at 20, 28, 36, 44, 51, 57, 64, 67, 72, 75 (Ex. U)).  Given the current status of the reexamination proceedings (with all relevant claims being canceled, amended or rejected), Plaintiffs fully expect that, at the conclusion of these proceedings, there will be no need to continue with this litigation at all because Guardian will have nothing left to assert.  And even if any of these claims somehow did survive, as explained in Plaintiffs' opening memorandum at page 11, the complete record of the Patent Office's expert opinions will certainly help to assist the Court and the parties in construing the claims.  *See Guthy-Renker*, 48 U.S.P.Q.2d at 1060-61 (Ex. V) ("[S]ince the Court will need to interpret the pertinent claims of the [patents] at some point during this case, waiting until after the reexamination will provide this Court with the expertise of the [Patent Office]."); *see also Methode Elecs., Inc. v. Infinion Techs. Corp.*, 2000 U.S. Dist. LEXIS 20689, at *6 (N.D. Cal Aug. 7, 2000) (Ex. Z) (noting that a stay allows "the parties and the Court to take advantage of the [Patent Office's] conclusions regarding the prior art").

The reexamination proceedings have and will continue to simplify any subsequent litigation in this Court.

### III.     PLAINTIFFS SHOULD NOT BE JUDICIALLY ESTOPPED

1

2          For many years Guardian and its predecessor continually threatened Plaintiffs with the

3   patents-in-suit.  In response, Plaintiffs filed declaratory judgment complaints in this Court (*see*,

4   *e.g.*, D.I. 1) to resolve the dispute, and at the same time asked the Court to stay further

5   proceedings (D.I. 23; *see also* D.I. 95) to allow the Patent Office to first lend its expertise to

6   reexamining the patents.  Guardian has twice tried to dismiss Plaintiffs' complaints.  (D.I. 20, 76).

7          Guardian wrongly claims that statements that Plaintiffs made in opposing Guardian's

8   attempts to dismiss their declaratory judgment actions are inconsistent with the arguments they

9   now make in requesting a stay, and that somehow Plaintiffs are now judicially estopped from

10  obtaining such relief.  In particular, Guardian points to Plaintiffs' statements to the effect that they

11  filed their suits "to give them certainty about their business and legal interests" and "to clear the

12  air concerning their right to manufacture their products."  Guardian's judicial estoppel argument

13  lacks merit.

14         The Supreme Court has noted that to "protect the integrity of the judicial process," a party

15  may be judicially estopped from flip-flopping positions in different proceedings.  *New Hampshire*

16  *v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Edwards v. Aetna Life Ins. Co*., 690 F.2d 595, 598

17  (6th Cir. 1982).  In *New Hampshire*, the Supreme Court set forth a three-part test establishing

18  judicial estoppel: (1) the position must be clearly inconsistent with an earlier position; (2) a court

19  must have accepted the earlier position; and (3) "the party seeking to assert an inconsistent

20  position would derive an unfair advantage or impose an unfair detriment on the opposing party if

21  not estopped."  *Id*. at 750-751.  Guardian has not met any of these prongs, all of which are

22  required to establish judicial estoppel.

23         First, there is no "clear" inconsistency here or any inconsistency at all.  In filing their

24  declaratory judgment actions, Plaintiffs sought to once-and-for-all resolve the dispute they had

25  with Guardian over the validity and infringement of the patents-in-suit.  Asking the Patent Office

26  to first lend its expertise to the judicial process at hand is not at all inconsistent with the notion of

27  desiring resolution from such a process.  In fact, as explained in Plaintiffs' opening memorandum,

28  it is completely consistent with the Congressional intent behind the reexamination statute.  Mem.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6 ("[t]he stay of pending litigation to enable [Patent Office] review of contested patents was one of the specified purposes of the reexamination legislation").  Congress clearly intended that the reexamination procedures "allow courts to refer patent validity questions to the expertise of the Patent Office" and to "be an 'aid' to the trial court 'in making an informed decision on the patent's validity.'"  *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 602 (Fed. Cir. 1985), *modified on other grounds*, 771 F.2d 480 (Fed. Cir. 1985).

Second, neither the Federal Circuit nor this Court, when determining jurisdiction here was proper, "accepted," as *New Hamsphire* requires, Plaintiffs' position that they wanted "certainty about their business and legal interests" and "to clear the air concerning their rights to manufacture their products."  The Federal Circuit relied only on the fact that Guardian had asserted right under its patents based on Plaintiffs' on-going manufacture and sale of their televisions, and Plaintiffs' assertions that they had the rights to engage in that activity without a license.  *See, e.g.*, *Sony Elecs. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1285-87 (Fed. Cir. 2007).  The Federal Circuit made no mention of anyone having any desire for "certainty" or to "clear the air."  This Court likewise did not rely on any such statements by Plaintiffs, simply finding, among other things, that "[t]here was nothing improper in Plaintiffs' decision to petition the [Patent Office] for reexamination and to request a stay of their lawsuits pending administrative decision."  *See Sony Elecs. v. Guardian Media Techs., Ltd.*, 2007 U.S. Dist. LEXIS 82636, at *7 (S.D. Cal. Nov. 6, 2007) (Ex. AA).

Third, Plaintiffs will not derive any unfair advantage and will not impose an unfair detriment on Guardian if they are not estopped from seeking a stay.  As mentioned, there is nothing unfair here because Plaintiffs made no inconsistent statement, and because neither the Federal Circuit nor this Court relied on the statements to which Guardian refers.  Moreover, a stay is not a detriment to anyone; it will conserve resources of both the Court and the parties and, if any un-amended patent claim survives reexamination, the reexamination record will assist the Court in construing it in any subsequent litigation.

## IV.    ANY STAY SHOULD BE UNCONDITIONAL

1

2          Guardian has proposed several conditions on any stay that is granted.

3          First, Guardian argues that a stay should be conditioned on the Plaintiffs stipulating that

4   they will not argue invalidity based on any prior art references considered by the patent examiner

5   during the reexaminations, and will provide Guardian with "all relevant prior art of which [they]

6   are aware, so that Guardian can submit the prior art to the Patent Office for consideration during

7   the current reexaminations."  (Opp. 13-14).  These conditions are not appropriate.

8          The reexamination proceedings are being conducted *ex parte*.[3]  Thus, after filing its

9   requests for the reexaminations, Plaintiffs have had no opportunity to participate in the

10  proceedings.  MPEP § 2254.  Plaintiffs cannot respond to arguments made by Guardian during

11  the proceedings; Plaintiffs cannot comment on any additional prior art raised by Guardian or the

12  Examiner; Plaintiffs cannot participate in any interviews Guardian may conduct with the

13  Examiner; and Plaintiffs cannot appeal any decision of the Examiner.[4]

14         Second, Guardian proposes that if the Patent Office determines in any office action that

15  any of the patent claims are patentable, then any stay should automatically terminate without

16  waiting for a final reexamination certificate.  This condition is not practical and could defeat the

17  purpose of staying these proceedings, for several reasons.  Guardian may still be presenting

18  arguments and making amendments to or canceling claims that are relevant to this case.  Also,

19  arguments Guardian makes in regard to *any* of its patent claims may very well be relevant to the

20  ───────────────
    [3]    In fact, Plaintiffs could *not* have requested *inter partes* reexamination of either of the patents
21  in issue.  *Inter partes* reexamination is available only for patents filed on or after November 29,
    1999; the patents-in-suit were filed well before that date.  MPEP § 2609.

22  [4]    The Eastern District of Texas decision in *Antor Media Corp. v. Nokia, Inc.*, No. 2:05cv186
    (E.D. Tex. Sept. 27, 2006) (Ex. BB) to which Guardian refers (Opp. 14) – where the Texas court
23  offered a stay if the accused infringers stipulated they would not raise printed publications at trial
    if considered in the reexamination process – should be given little if any weight.  Appropriate
24  weight was not given there to the accused infringers' arguments concerning the *ex parte* nature of
    the reexamination process.  In any event in *Antor*, the reexamination was just beginning and the
25  patent had years left on its life, expiring in 2015.  *See* U.S. Patent No. 5,734,961 (Ex. CC); here,
    the reexamination is in its terminal stages and the patents-in-suit will expire soon.  When
26  weighing the absence of any real prejudice here in granting a relatively short stay (as opposed to
    the likely lengthy stay in *Antor*) against the tremendous savings that have already come, and will
27  still come, from the reexamination, an unconditional stay is more appropriate here than it might
    have been in *Antor*.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

scope and meaning of its claims indicated to be patentable. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) ("[O]ther claims of the patent in question, both asserted and unasserted, can also be valuable sources of enlightenment as to the meaning of a claim term."). In the unlikely event that circumstances dramatically change in the reexamination proceedings in a way that is favorable to Guardian, Guardian could always petition the Court to lift the stay.

## CONCLUSION

For reasons stated here and in Plaintiffs' opening memorandum, the Court should stay this consolidated action pending the outcome of the Patent Office's reexamination of the patents-in-suit.

Respectfully submitted,

Dated:  December 3, 2007          By:     /s/ Allison D. Cato
                                           Allison D. Cato (SBN 155339)
                                           adc@procopio.com
                                           PROCOPIO, CORY, HARGREAVES
                                              & SAVITCH, LLP
                                           530 B Street, Suite 2100
                                           San Diego, California  92101
                                           Telephone:  619.238.1900
                                           Facsimile    619.235.0398

                                           Richard S. Gresalfi (Admitted *Pro Hac Vice*)
                                           Michelle Carniaux (Admitted *Pro Hac Vice*)
                                           KENYON & KENYON
                                           One Broadway
                                           New York, New York  10004-1007
                                           Telephone:  212.425.7200
                                           Facsimile    212.425.5288

                                           Attorneys for Plaintiff
                                           SONY ELECTRONICS INC.

1

2   Dated:  December 3, 2007          By:     /s/ Vincent J. Belusko

3                                          Vincent J. Belusko
                                           VBelusko@mofo.com
                                           MORRISON & FOERSTER LLP

4
                                           Attorneys for Plaintiff MITSUBISHI
5                                          DIGITAL ELECTRONICS AMERICA, INC.

6

7

8

9   Dated:  December 3, 2007          By:     /s/ Allison D. Cato

10                                         Allison D. Cato (SBN 155339)
                                           adc@procopio.com
11                                         PROCOPIO, CORY, HARGREAVES
                                              & SAVITCH, LLP
12                                         530 B Street, Suite 2100
                                           San Diego, California  92101
13                                         Telephone:  619.238.1900
                                           Facsimile    619.235.0398

14
                                           Morton Amster (Admitted *Pro Hac Vice*)
15                                         Michael J. Berger (Admitted *Pro Hac Vice*)
                                           John Economou (Admitted *Pro Hac Vice*)
16                                         AMSTER ROTHSTEIN & EBENSTEIN
                                           90 Park Avenue
17                                         New York, New York  10016
                                           Telephone:  212.336.8000
18                                         Facsimile    212.336.8001

19                                         Attorneys for Plaintiffs MATSUSHITA
                                           ELECTRIC INDUSTRIAL CO., LTD. and
20                                         VICTOR COMPANY OF JAPAN, LTD.

21

22

23

24

25

26

27

28

Reply Memorandum of Points and Authorities in Further Support of Plaintiffs'  Joint Motion to Stay Proceedings

1

2   Dated:  December 3, 2007          By:     /s/ Daniel S. Silverman

3                                              Daniel S. Silverman (SBN 137864)
                                               dan.silverman@hellerehrman.com
                                               Samuel R. Hellfeld (SBN 234421)
4                                              HELLER EHRMAN LLP
                                               4350 La JOLLA Village Drive, 7th Floor
5                                              San Diego, CA  92122-1246
                                               Telephone:     858.450.8400
6                                              Facsimile:     858.450.8499

7                                              R. Trevor Carter (Admitted *Pro Hac Vice*)
                                               Daniel M. Lechleiter (Admitted *Pro Hac Vice*)
8                                              BAKER & DANIELS LLP
                                               300 North Meridian Street
9                                              Indianapolis, Indiana 46204
                                               Telephone:  317.237.1352
10                                             Facsimile    317.237.8552

11                                             Attorneys for Plaintiff THOMSON INC.

12

13

14                              **ATTESTATION**

15          I, Allison D. Cato, am the ECF User whose ID and password are being used to file this

16   Reply Memorandum of Points and Authorities in Support of Plaintiffs' Joint Motion to Stay

17   Proceedings Based on Pending Reexamination of the Patents-in-Suit; Memorandum of Points and

18   Authorities.  I hereby attest that Vincent J. Belusko has  concurred in this filing.

19

20   Dated:  December 3, 2007          By:     /s/ Allison D. Cato

21                                              Allison D. Cato (SBN 155339)
                                               adc@procopio.com
22                                             PROCOPIO, CORY, HARGREAVES
                                                & SAVITCH, LLP
23                                             530 B Street, Suite 2100
                                               San Diego, California  92101
24                                             Telephone:  619.238.1900
                                               Facsimile    619.235.0398

25                                             Attorneys for Plaintiff
26                                             SONY ELECTRONICS INC.

27

28