1  Frank L. Tobin (SBN 166344)
   Marsha Amin (SBN 238820)
2  PROCOPIO, CORY, HARGREAVES
     & SAVITCH, LLP
3  530 B Street, Suite 2100
   San Diego, California 92101
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5  flt@procopio.com
   ma@procopio.com
6
   Morton Amster (Admitted Pro Hac Vice)
7  Michael J. Berger (Admitted Pro Hac Vice)
   90 Park Avenue
8  New York, NY 10016
   Telephone: (212) 336-8000
9  AMSTER ROTHSTEIN & EBENSTEIN

10 Attorneys for Plaintiff Panasonic Corporation
   fka Matsushita Electric Industrial Co., Ltd. and
11 Victor Company of Japan, Ltd.

12                    **UNITED STATES DISTRICT COURT**

13                    **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  SONY ELECTRONICS INC., | ) CIV. No. 05-CV-1777 MMA (AJB) |
| 15         Plaintiff, | ) (Consolidated Lead Case) |
| 16  v. | ) **ANSWER OF PANASONIC** |
|    | ) **CORPORATION (FORMERLY KNOWN** |
|    | ) **AS MATSUSHITA ELECTRIC** |
| 17  GUARDIAN MEDIA TECHNOLOGIES, | ) **INDUSTRIAL CO., LTD.) AND VICTOR** |
|     LTD., | ) **COMPANY OF JAPAN, LTD. TO THE** |
| 18        | ) **AMENDED COUNTERCLAIM OF** |
|           Defendant. | ) **GUARDIAN MEDIA TECHNOLOGIES,** |
| 19        | ) **LTD.** |
|    | ) |
| 20  THOMPSON INC., | ) |
|    | ) |
| 21        Plaintiff, | ) CIV. NO. 05-CV-1784 MMA (AJB) |
|    | ) |
| 22  v. | ) |
|    | ) |
| 23  GUARDIAN MEDIA TECHNOLOGIES, | ) |
|     LTD., | ) |
| 24   | ) |
|           Defendant. | ) |
| 25   | ) |
| 26  MATSUSHITA ELECTRIC INDUSTRIAL | ) |
|     CO., LTD., AND VICTOR COMPANY OF | ) CIV. NO. 05-CV-1796 MMA (AJB) |
| 27  JAPAN, LTD., | ) |
|    | ) |
| 28        Plaintiff, | ) |

-1-

|  |  |
|---|---|
| v. | ) |
|  | ) |
| GUARDIAN MEDIA TECHNOLOGIES, LTD., | ) ) ) |
|  | ) |
| Defendant. | ) ) |
| MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC., | ) ) ) |
|  | ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GUARDIAN MEDIA TECHNOLOGIES, LTD., | ) ) ) |
| Defendant. | ) ) |

CIV. NO. 05-CV-1780 MMA (AJB)

Plaintiffs Panasonic Corporation (formerly known as Matsushita Electric Industrial Co., Ltd.) ("Panasonic") and Victor Company Of Japan, Ltd., ("JVC"), by and through their attorneys, hereby Answer the Amended Counterclaims of Guardian Media Technologies, Ltd. ("Guardian"). All allegations not expressly admitted are denied.

**THE PARTIES**

1. Panasonic and JVC admit that Guardian is a Texas limited partnership. Panasonic and JVC are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of Guardian's Amended Counterclaims ("Counterclaim") and, therefore, deny the same.

2. Panasonic admits the allegations of Paragraph 2 of the Counterclaim except that Matsushita Electric Industrial Co., Ltd. is, by change of name, Panasonic Corporation and Allison D. Cato and John S. Economou no longer represent Panasonic.

3. JVC admits the allegations of Paragraph 3 of the Counterclaim, except that Allison D. Cato and John S. Economou no longer represent JVC and JVC is not a majority owned subsidiary of Panasonic.

**JURISDICTION AND VENUE**

4. Panasonic and JVC admit that this is an action for patent infringement arising under the patent laws of the United States.

-2-

5. Panasonic and JVC admit that subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Panasonic and JVC admit that this Court has personal jurisdiction over them, but deny that they have committed acts of patent infringement.

7. Panasonic and JVC admit that venue is proper in this district.

## OPERATIVE FACTS

8. Panasonic and JVC admit that the United States Patent and Trademark Office ("PTO") issued U.S. Patent 4,930,158 ("the '158 Patent") on May 29, 1990, that the '158 Patent is entitled "Selective Video Playing System", that a copy of the '158 Patent is attached to the Counterclaim and that the '158 Patent has expired. Panasonic and JVC deny the remaining allegations of Paragraph 7 of the Counterclaim.

9. Panasonic and JVC admit that the PTO issued an Ex Parte Reexamination Certificate for the '158 Patent which cancelled claims 1-7 and 12-18 of the '158 Patent and confirmed the patentability of claims 8-11 and 19-22 of the '158 Patent and that a copy of such Certificate is attached to the Counterclaim.

10. Panasonic and JVC admit that the PTO issued United States Patent No. 4,930,160 ("the '160 Patent") on May 29, 1990, that it is entitled "Automatic Censorship of Video Programs", that a copy of the '160 Patent is attached to the Counterclaim and that the '160 Patent has expired. Panasonic and JVC deny the remaining allegations of Paragraph 9 of the Counterclaim.

11. Panasonic and JVC admit that the PTO issued a Notice of Intent to issue an Ex Parte Reexamination Certificate for the '160 Patent which confirmed the patentability of claims 3, 6-7, 16 and 19-20 of the '160 Patent and cancelled all of the other claims of the '160 Patent and that a copy of such Notice is attached to the Counterclaim.

12. Panasonic and JVC are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Counterclaim, and, therefore, deny the same.

## COUNT I

## ALLEGED INFRINGEMENT OF THE '160 PATENT

13. Panasonic and JVC reallege and incorporate herein by reference the allegations of Paragraphs 1-12 of this Answer.

14. Panasonic and JVC deny the allegations of Paragraph 13 of the Counterclaim.

15. Panasonic and JVC admit that it had knowledge and notice of the '160 Patent prior to filing the Complaint in this Action. Panasonic and JVC deny the remaining allegations of Paragraph 14 of the Counterclaim.

16. Panasonic and JVC deny the allegations of Paragraph 15 of the Counterclaim.

17. Panasonic and JVC deny the allegations of paragraph 16 of the Counterclaim.

## COUNT II

## ALLEGED INFRINGEMENT OF THE '158 PATENT

18. Panasonic and JVC reallege and incorporate herein by reference the allegations of Paragraphs 1-17 of this Answer.

19. Panasonic and JVC deny the allegations of Paragraph 18 of the Counterclaim.

20. Panasonic and JVC admit that it had knowledge and notice of the '158 Patent prior to filing the Complaint in this Action. Panasonic and JVC deny the remaining allegations of Paragraph 19 of the Counterclaim.

21. Panasonic and JVC deny the allegations of Paragraph 20 of the Counterclaim.

22. Panasonic and JVC deny the allegations of Paragraph 21 of the Counterclaim.

## JURY DEMAND

Panasonic and JVC hereby request a trial by jury on the Counterclaim.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1. Guardian has failed to state any claim for relief which may be granted against Panasonic or JVC.

## SECOND AFFIRMATIVE DEFENSE

2. Panasonic and JVC have not infringed any claims of the '158 Patent or '160

Patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

3.  The '158 Patent and the '160 Patent are invalid and/or unenforceable, in whole or in part, as not satisfying the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to § 101, § 102, § 103 and/or § 112.

### FOURTH AFFIRMATIVE DEFENSE

4.  By reason of the proceedings in the PTO during the prosecution of the '158 Patent and the '160 Patent, and by reason of admissions made therein, Guardian is estopped from construing any claim of the '158 Patent or the '160 Patent, even if this were otherwise possible, to cover and include any of the Panasonic or JVC products which are alleged by Guardian to infringe the '158 Patent or the '160 Patent.

### FIFTH AFFIRMATIVE DEFENSE

5.  Guardian's claims for relief are barred, in whole or in part, by equitable doctrines, including laches, estoppel and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

6.  Guardian's claims for relief and prayer for damages are limited and/or precluded by 35 U.S.C. § 286 and § 287.

### PRAYER FOR RELIEF

WHEREFORE, Panasonic and JVC respectfully pray for judgment against Guardian as follows:

A.  The Court dismiss the Counterclaim with prejudice;

B.  The Court declare the '158 Patent and '160 Patent invalid;

C.  The Court declare that Panasonic and JVC are not liable for infringing, directly or indirectly, or inducing infringement of the '158 Patent or the '160 Patent;

D.  The Court declare that Guardian's claims are barred by the equitable doctrines of laches, estoppel and/or unclean hands;

E.  The Court finds this to be an "exceptional" case and award Panasonic and JVC reasonable costs and attorneys fees pursuant to 35 U.S.C. §285; and,

1   F.   The Court grant to Panasonic and JVC such other and further relief as the Court
2  may deem just and proper.

4  Dated: January 26, 2009          By:        */s/ Frank L. Tobin*
                                               Frank L. Tobin
5                                              Marsha Amin
                                               PROCOPIO, CORY, HARGREAVES &
6                                              SAVITCH, LLP

7                                              Morton Amster (Admitted Pro Hac Vice)
                                               Michael J. Berger (Admitted Pro Hac Vice)
8                                              AMSTER ROTHSTEIN & EBENSTEIN

9                                              Attorneys for Plaintiff Panasonic
                                               Corporation fka Matsushita Electric
10                                             Industrial Co., Ltd. and Victor Company of
                                               Japan, Ltd.

-6-