cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY ELECTRONICS, INC. | ) Lead Case No.: 05cv1777 IEG (AJB) |
| Plaintiff, | ) Order Striking Paragraph 13 of the |
| v. | ) Proposed Protective Order Without |
| | ) Prejudice and Entering the Protective |
| GUARDIAN MEDIA TECH., INC., | ) Order As Amended |
| Defendants. | ) [Doc. Nos. 175 and 176] |

On April 17, 2009, the parties lodged a proposed protective order and filed very limited briefing [Doc. Nos. 175 and 176] regarding a dispute over the inclusion of paragraph 13 of the proposed protective order.[1] The parties were able to reach agreement as to most terms of the protective order, however, the parties reached impasse over whether in-house counsel should be allowed to review "Counsel's Eyes Only" or "Attorney's Eyes Only" designated documents in this patent litigation case. The Court agrees with the Non-Guardian Parties'[2] assertion that the Court must balance the need for access to confidential information by in-house counsel against the risk of inadvertent disclosure, where

---

[1] While the Court applauds the parties brevity and proactive approach to this dispute, the parties are reminded that the Local Rules require the parties to contact the judge's law clerk to obtain a hearing date prior to the filing of any motion. *See* Civ. L.R. 7.1.b.

[2] The Non-Guardian Parties are: Sony Electronics Inc., Thompson Inc., Panasonic Corporation, Victor Company of Japan, Ltd., Mitsubishi Digital Electronics America, Inc., Philips Electronics North America Corporation, Toshiba America Consumer Products, L.L.C. and Toshiba America, Inc.

1

1  in-house counsel is involved in "competitive decisionmaking" or where such documents contain
2  competitively sensitive material. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir.
3  1984); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 19920 (*citing U.S. Steel*).
4  However, the Courts finds the Non-Guardian Parties assertion that the licensing and settlement
5  agreements are not competitively sensitive material unpersuasive and without merit. The licensing and
6  settlement agreements at issue, are those that Guardian entered into with over thirty (30) separate
7  companies who are not parties to this litigation and clearly involve the patents in suit. It is undisputed
8  that many of the parties who have settled with and/or are licensees of the Guardian patents in suit, are
9  direct competitors of the Non-Guardian Parties and this, in combination with the fact that many of these
10 agreements contain provisions prohibiting disclosure to in-house counsel, belies such an assertion.
11 Furthermore, the Court notes that the Non-Guardian Parties have failed to articulate a single reason to
12 support the claimed need for disclosure of such competitively sensitive material to in-house counsel and
13 in the absence of any articulated need, the balance clearly tips in favor of limiting disclosure. As such,
14 Guardian's request to strike paragraph 13 of the proposed protective order is GRANTED without
15 prejudice to the Non-Guardian Parties subsequent renewal of the challenge to the confidential
16 classification of this material at some later date when an articulated need for the disclosure to in-house
17 counsel can be demonstrated.
18      IT IS SO ORDERED.
19
20 DATED: April 23, 2009
21
                                                    _____
22                                                  Hon. Anthony J. Battaglia
                                                    U.S. Magistrate Judge
23                                                  United States District Court