cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONY ELECTRONICS, INC. | ) | Lead Case No.: 05cv1777 IEG (AJB) |
| Plaintiff, | ) | |
| v. | ) | AMENDED PROTECTIVE ORDER |
| GUARDIAN MEDIA TECH., INC., | ) | |
| Defendants. | ) | |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned Action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this Action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

**DEFINITIONS**

1.  The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial

testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

    2.    The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers, price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

    3.    The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

Amster Rothstein & Ebenstein LLP, 90 Park Avenue, New York, NY  10016

Baker & Daniels LLP, 300 N. Meridian St., Suite 2700, Indianapolis, IN  46204

Foley & Lardner LLP, 3000 K Street, N.W., Washington, D.C. 20007 and 420 W. Broadway, Suite 2100, San Diego, CA  92101

Kenyon & Kenyon LLP, One Broadway, New York, NY 10004

Knobbe Martens Olson & Bear LLP, 2040 Main Street, 14th Floor, Irvine, CA  92614 and 3403 Tenth Street, Suite 700, Riverside, CA 92501

Morrison & Foerster LLP, 555 West Fifth Street, Suite 3500, Los Angeles, CA  90013

Neil, Dymott, Frank, McFall & Trexler A.P.L.C., 1010 Second Avenue, Suite 2500, San Diego, CA 92101 Nelson

Bumgardner Casto, P.C., 5601 Bridge Street, Suite 300, Fort Worth, TX 76112

Procopio, Cory, Hargreaves & Savitch, LLP, 530 B Street, Suite 2100, San Diego, CA 92101

    4.    The term "producing party" shall mean a party or non-party, on behalf of which documents, things or information are produced, furnished, or disclosed during the course of this Action in response to requests for production of documents, interrogatories, requests for admissions, depositions or any other request for discovery pursuant to the Federal Rules of Civil Procedure, or in the form of

pleadings, briefs, memoranda, testimony adduced at any hearing or trial, materials introduced into evidence or other form of information produced, furnished or disclosed by or on behalf of such a party or non-party.

5. The term "receiving party" shall mean any party to which documents, things or information are produced, furnished, or disclosed, whether voluntarily or in response to a formal or informal discovery request, subpoena, deposition notice, or Court Order, by any producing party in this Action.

## PRODUCTION NUMBERING

6. All documents and things, or copies of documents and things, produced in discovery in this action shall be given unique production numbers by the producing party. Each producing party shall use a unique production number prefix to identify the producing party, including those listed below. This table, however, does not prohibit any party or non-party from producing documents under a different prefix:

| Prefix | Producing Party |
| --- | --- |
| GRDN | GUARDIAN MEDIA TECHNOLOGIES, INC. |
| PC | PANASONIC CORPORATION |
| JVC | VICTOR COMPANY OF JAPAN, LTD. |
| SEL | SONY ELECTRONICS, INC. |
| THOM-G | THOMSON, INC. |
| MDEA | MITSUBISHI DIGITAL ELECTRONICS AMERICA, INC. |
| PHIL | PHILIPS ELECTRONICS NORTH AM. CORP. |
| TACP or TAI | TOSHIBA AM. CONSUMER PRODS., L.L.C. and TOSHIBA AM., INC. |
| JOINT | Reserved for non-Guardian parties when they desire to produce certain documents and things which are common to one or more non-Guardian parties (*e.g.*, prior art) |

## GENERAL RULES

7. Each party to this Action that produces or discloses any materials, answers to interrogatories, response to requests for admission, trial testimony, deposition testimony, transcripts of

trial testimony or deposition testimony, or information that the producing party believes should be subject to this Protective Order, or any non-party that is required to produce documents, information or other materials pursuant to a valid subpoena or Court Order, may designate the same as "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY", "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" or similar designation.

      a.    Designation as "CONFIDENTIAL": Any party may designate nonpublic information as "CONFIDENTIAL" (or any similar designation) only if, in the good-faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

      b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" (or any similar designation, such as, but not limited to, "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," "ATTORNEY EYES ONLY") only if, in the good-faith belief of such party and its counsel, the information is nonpublic, highly confidential and is among that considered to be most sensitive by the party, including, but not limited to, trade secret or other confidential research; development, financial or other commercial information; financial data; customer and supplier information; marketing strategies and information; strategic business information including, without limitation, business plans, manufacturing information, cost information or logistical information; licensing information, including, without limitation, license agreements and information regarding negotiations of such license agreements; regulatory information; technical or scientific information including, without limitation, technical data, research and development data, product manufacturing data, technical specifications, and technical know-how; or any information that affords the producing party an actual or potential material economic advantage over others.

      c.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE": Any party may designate technical information as "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" (or any similar designation) only if, in the good-faith belief of such party and its counsel, the information is nonpublic, highly confidential and among that considered to be most sensitive by the party, and the information comprises or includes source code (e.g., computer instructions

and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module), Hardware Description Language ("HDL") (e.g., descriptions of digital logic, electronic circuits and circuit operations, including design, organization, and testing), or any descriptions thereof (collectively, "SOURCE CODE"). Nothing in this Protective Order shall be construed as a representation or admission that source code or HDL files are properly discoverable in this Action, or to obligate any party to produce any source code or HDL files.

8. If it is agreed by the producing party and receiving party that materials (other than SOURCE CODE) will be produced by inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - FOR COUNSEL ONLY", and shall be treated as such pursuant to the terms of this Protective Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking. This provision, however, does not in any way commit any party to agree to such a production given that the Court's discovery order requires that all document productions be made in electronic format.

9. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to this Action of the portions of the transcript designated "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY" or "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE";

    b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the

deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 11, 13, and 14, below; and

      c.    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY" or "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

    10.    All Confidential Information designated as "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY", or "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" (or any similar designation, such as, but not limited to, "CONFIDENTIAL - ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," "ATTORNEY EYES ONLY") shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this Action, unless and until such designation is removed either by agreement of the parties, or by order of this Court.

    11.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 12 below, and may be disclosed, subject to Paragraph 12 below, solely to:

      a.    The receiving party's outside counsel in this Action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this Action, including, but not limited to, paralegals, law clerks, stenographers and clerical employees, and excluding consultants, experts, and investigators;

      b.    Any independent expert or consultant retained by the receiving party or its counsel to assist in this Action, and who is not a current employee of the receiving party, provided that (i) disclosure is only to the extent necessary to perform such work; (ii) the producing party is provided with the name and curriculum vitae of the proposed independent expert or consultant and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the independent expert or consultant, and (iii) no unresolved objections to such

disclosure exist after proper notice has been given to the producing party. Any objection by the producing party to an independent expert or consultant receiving Confidential Information must be made in writing within ten (10) days following receipt of the identification of the proposed independent expert or consultant. Confidential Information may be disclosed to an independent expert or consultant if the ten (10) day period has passed and no objection has been made. The approval of independent experts and consultants shall not be unreasonably withheld.

    c.    Court reporters, stenographers and videographers retained to record testimony or argument taken in this Action or any appeal therefrom;

    d.    The Court, its technical advisor (if one is appointed), persons employed by the Court, jury, mediators, and court personnel; and

    e.    Any other person with the prior written consent of the producing party.

12. If requested, and to the extent it exists and is within the producing party's possession, custody, or control, SOURCE CODE shall be produced and/or made available for inspection as set forth below:

    a.    The producing party may make its SOURCE CODE available at the offices of its outside counsel. Source code will be made available during regular business hours (9:00 A.M. to 6:00 P.M. local time) on two (2) business days notice. Inspection by the receiving party's outside counsel and/or independent experts or consultants approved under this Protective Order may be subject to additional, reasonable security measures by the producing party (e.g., the producing party may require presentation of photo identification by representatives of the receiving party prior to permitting inspection).

    b.    All SOURCE CODE shall be made available for inspection by the producing party to the receiving party's outside counsel and/or independent experts or consultants approved under this Protective Order in a private room on a secured stand-alone computer that is not connected to a network, Internet, or to any peripheral device other than a mouse, keyboard and monitor, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any SOURCE CODE outside or away from the computer on which the SOURCE CODE is provided for inspection (the "Source Code Computer"). The producing party shall install, on the Source

Code Computer, tools that are sufficient for viewing and searching the SOURCE CODE produced, if such tools exist and are presently used in the ordinary course of the producing party's business. The receiving party's outside counsel and/or independent experts or consultants may request that commercially available software tools for viewing and searching the SOURCE CODE be installed on the Source Code Computer. The receiving party must provide the producing party with the CD or DVD containing such licensed software tool(s) at least two (2) days in advance of the date upon which the receiving party wishes to have the additional software tool(s) available for use on the Source Code Computer.

        c.      The receiving party's outside counsel and/or independent experts or consultants shall be entitled to take notes relating to the SOURCE CODE, but may not copy any SOURCE CODE into the notes (however, filenames may be copied into notes). Those notes shall be subject to the restriction of this Protective Order and maintained in a secure location. Only those persons entitled to access "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" may have access to such notes. No copies of all or any portion of the SOURCE CODE may leave the room in which the SOURCE CODE is inspected, except as otherwise expressly provided herein. Further, no other written or electronic record of the SOURCE CODE is permitted except as otherwise expressly provided herein.

        d.      No electronic copies of SOURCE CODE will be made. The receiving party's outside counsel and/or independent experts or consultants will be allowed to select documents that they believe are necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. The receiving party's outside counsel and/or independent experts or consultants will provide the producing party with a list of filenames of the SOURCE CODE to be provided on paper. Thereafter, the producing party shall Bates number and label "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" on all paper copies of SOURCE CODE to be provided to the receiving party's outside counsel within five (5) business days of receiving the request. In addition, the producing party will also provide an additional copy of the SOURCE CODE documents to the receiving party's independent experts or

consultants approved under this Protective Order within five (5) business days of receiving the request. If the producing party objects that the SOURCE CODE to be provided on paper is not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party in two (2) business days. If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the SOURCE CODE in question is reasonably necessary to any case preparation activity. In the absence of any objection, or upon resolution of any such dispute by the Court in the receiving party's favor, the producing party shall provide one paper set of the requested SOURCE CODE to the receiving party's outside counsel and/or independent experts or consultants within five (5) business days. The SOURCE CODE provided on paper shall constitute part of the SOURCE CODE produced by the producing party in this Action.

  e. A list of names of persons who will view the SOURCE CODE will be provided to the producing party in conjunction with any written (including email) notice requesting inspection. All persons viewing SOURCE CODE shall sign a log on each day they view SOURCE CODE; such log will include the names of persons who enter the locked room to view the SOURCE CODE and the respective times at which each person(s) entered and departed. The producing party shall be entitled to a copy of the log. The log shall not be admissible for use at trial in this matter.

  f. Unless otherwise agreed in advance by the parties and in writing, following each day on which inspection is conducted under this Protective Order, the receiving party's outside counsel and/or independent experts or consultants shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session.

  g. The receiving party will not copy, remove, or otherwise transfer any SOURCE CODE from the Source Code Computer including, without limitation, copying, removing, or transferring the SOURCE CODE onto any other computers or peripheral equipment. The receiving party will not transmit any SOURCE CODE in any way from the producing party's facilities, the offices of the producing party's outside counsel or the offices of the receiving party's independent experts or consultants.

   h. The receiving party's outside counsel and independent experts or consultants may not make additional paper copies of any portions of the SOURCE CODE received from a producing party pursuant to Paragraph 12(d), except that paper copies of SOURCE CODE may be copied by the receiving party's outside counsel and used as exhibits in this Action for a deposition, expert report, motion, or trial, provided that such copies are kept within a secure container during transport to and from any deposition, or trial, or for service, and are otherwise kept in a secure container at the offices of the receiving party's outside counsel or at the office of an independent expert or consultant approved under this Protective Order.

   i. The receiving party may, in this Action, include excerpts of SOURCE CODE in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any draft of these documents ("SOURCE CODE DOCUMENTS").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the SOURCE CODE is used.

   j. To the extent portions of SOURCE CODE are quoted in a SOURCE CODE DOCUMENT, either (i) the entire document will be stamped and treated as "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" or (ii) those pages containing quoted SOURCE CODE will be separately bound, and stamped and treated as "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE."  Any "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" documents filed with the Court shall be filed under seal.

   k. Only those individuals authorized and identified in Paragraph 11 shall be allowed to access "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" materials.  Under no condition may any person disclose, in whole or in part, copies of, or the substance of, any SOURCE CODE of the producing party to any unauthorized person.

   l. The receiving party's outside counsel and any person authorized and identified in Paragraph 11 shall maintain, store, and view any paper copies of SOURCE CODE, notes relating to SOURCE CODE, and SOURCE CODE DOCUMENTS at the offices of the receiving party's outside counsel and/or at the offices of the receiving party's independent experts or consultants approved under this Protective Order, in a manner that prevents duplication of or unauthorized access to the SOURCE

CODE, including, without limitation, storing any SOURCE CODE, notes relating to SOURCE CODE, and SOURCE CODE DOCUMENTS in a locked room or cabinet at all times when they are not in use. Copies of any SOURCE CODE that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

    m. Except as expressly provided in this sub-paragraph, absent express written permission from the producing party, the receiving party may not create electronic images, or any other images, or make electronic copies (including for emailing), of the SOURCE CODE from any paper copy of SOURCE CODE for use in any manner (including by way of example only, the receiving party may not scan the SOURCE CODE to a PDF or photograph the code).  Images or copies of SOURCE CODE shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  The receiving party may create an electronic copy or image of selected portions of the printed SOURCE CODE only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports), made under seal.  The communication and/or disclosure of electronic files containing any portion of SOURCE CODE shall at all times be limited to individuals who are authorized to see SOURCE CODE under the provisions of this Protective Order. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" as provided for in this Protective Order and be treated in accordance with all of the restrictions in this Paragraph.  To the extent that the receiving party creates any copies of the printed SOURCE CODE or portions thereof under this sub-paragraph, the receiving party shall maintain a log of all such copies in its possession or in the possession of its independent experts or consultants approved under this Protective Order, including the names of the recipients and reviewers of any such copies and the secure locations where the copies are stored.

    n. If any party learns that any of the conditions of this Paragraph have been violated (even if unintentional), it shall immediately notify counsel for the producing party and shall make its best efforts to correct the violation.

13. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by outside counsel of the receiving party and any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, and by independent experts or consultants under the conditions set forth in this Paragraph. The right of any independent expert or consultant to receive any Confidential Information shall be subject to the advance approval of the producing party. The receiving party shall provide the producing party with the name and curriculum vitae of the proposed independent expert or consultant, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Confidential Information of the producing party to the expert or consultant. Any objection by the producing party to an independent expert or consultant receiving Confidential Information must be made in writing within ten (10) days following receipt of the identification of the proposed expert or consultant. Confidential Information may be disclosed to an independent expert or consultant if the ten (10) day period has passed and no objection has been made. The approval of independent experts or consultants shall not be unreasonably withheld. Under no condition may any person disclose, in whole or in part, copies of, or the substance of, any "CONFIDENTIAL - FOR COUNSEL ONLY" materials of the producing party to any unauthorized person.

14. Information designated "CONFIDENTIAL" shall be viewed only by counsel of the receiving party and any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, by independent experts or consultants (pursuant to the terms of Paragraph 13), and by the additional individuals listed below, provided each such individual has read this Protective Order in advance of disclosure and has agreed in writing to be bound by its terms:

    (a) Executives who are required to participate in policy decisions with reference to this Action;

    (b)  Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this Action; and

    (c)  Stenographic and clerical employees associated with the individuals identified above.

15.  With respect to material designated "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY", or "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE", any person indicated on the face on the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

16.  All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" by the producing party, and any and all reproductions thereof, shall be retained in the custody of counsel for the receiving party, except that independent experts or consultants authorized to view any such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

17.  Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including CivLR 79.2 and Patent L.R. 2.2, with respect to filing documents under seal in this Court.

18.  At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

19.  All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving

Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

20. No party shall be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

21. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the producing party will inform Counsel for the receiving party of the proper designation for the inadvertently produced document (Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY", or "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" - SUBJECT TO PROTECTIVE ORDER).

22. If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the receiving party shall immediately gather the original and all copies of the document or information of

which the receiving party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the producing party. Nothing stated herein shall preclude a party from challenging an assertion by the other party of privilege or confidentiality.

23. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

24. Nothing in this Protective Order shall bar counsel from rendering advice to their clients with respect to this Action and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

25. This Protective Order shall not be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

26. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of this Court.

27. If Confidential Information in the possession, custody, or control of any party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall: (i) within five (5) business days after receipt thereof give written notice by hand, overnight courier, electronic mail, or facsimile of such process or discovery request together with a copy thereof to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and, (iii) not make production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Confidential Information.

28. Upon final termination of this Action, including any and all appeals, counsel for each party shall, upon request of the producing party, return or destroy all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy the same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

29. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

30. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

31. Transmission by facsimile or electronic mail is acceptable for all notification purposes herein.

32. This Protective Order may be modified by agreement of the parties, subject to approval by this Court.

33. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify this Protective Order and the content of those proposed modifications, prior to entry of such modified Protective Order.

34. After termination of this Action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become public through lawful means and without breach of this Protective Order. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information for enforcement of the provisions of this Protective Order **for a period of two years** following termination of this Action.

35. This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED

DATED: April 24, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in _____ v. _____, Case No. _____, and have received a copy of the Protective Order.

3. I promise that I will use any and all "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY", or "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY", or "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" information with anyone other than the persons described in Paragraphs 3, 11, 13 and 14 of the Protective Order, respectively.

5. I promise that I will not copy, image, transmit or store "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" information, including SOURCE CODE, any copies of any portions thereof, any notes relating to SOURCE CODE, and any SOURCE CODE DOCUMENT in any manner contrary to the provisions in Paragraph 12 of the Protective Order.

6. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

7. I understand that any disclosure or use of "CONFIDENTIAL", "CONFIDENTIAL - FOR COUNSEL ONLY", or "CONFIDENTIAL - FOR COUNSEL ONLY - SOURCE CODE" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

///

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____ _____